Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FAUSTO BELLO and MELVIN CANO GALICIA,

     *Plaintiff*,

  -against-

PRO-LINE PUMPING CORP., NICOLAS BARCIA a/k/a Nicolas Barcia Escalante or Nicolas Onofre Barcia-Escalante or Nicholas AND JESSICA LOPEZ-JARRIN a/k/a Jessica Paola Lopez-Jarrin or Jessica Barcia

     *Defendants.*

----------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
**Case No: 22-cv-4081**

  MELVIN CANO GALICIA and FAUSTO BELLO ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq., as against PRO-LINE PUMPING CORP, NICOLAS BARCIA a/k/a Nicolas Barcia Escalante or Nicolas Onofre Barcia-Escalante or Nicholas, and JESSICA LOPEZ-JARRIN a/k/a Jessica Paola Lopez-Jarrin or Jessica Barcia (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of Defendants NICOLAS BARCIA a/k/a Nicholas Barcia Escalante or Nicholas Onofre Barcia-Escalante, and JESSICA LOPEZ-JARRIN a/k/a Jessica Paola Lopez-Jarrin or Jessica Barcia who operated concrete companies through corporations such as PRO-LINE PUMPING CORP located at 1723 STEIN DR BAY SHORE, NY 11706.

1

2. Defendants own, operate, and/or controlled PRO-LINE PUMPING CORP at 1723 STEIN DR BAY SHORE, NY 11706.

3. Defendants kept their equipment in lots located primarily in boros of New York City where Plaintiffs often started and ended their day.

4. Plaintiff BELLO was employed by Defendants as a concrete pump machine operator, maintenance mechanic and laborer.

5. Plaintiff GALICIA was employed by Defendants as a driver, concrete pump machine operator and laborer.

6. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 70 to 72 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

7. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

8. Plaintiffs now bring this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

11. Plaintiff MELVIN CANO GALICIA ("Plaintiff GALICIA") is an adult individual residing in Queens County, New York. Plaintiff GALICIA was employed by Defendants from approximately 2012 through approximately April 2021.

12. Plaintiff FAUSTO BELLO ("Plaintiff BELLO") is an adult individual residing in the Bronx County, New York. Plaintiff BELLO was employed by Defendants from approximately June 2015 through approximately June 2021.

13. PRO-LINE PUMPING CORP is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1723 STEIN DR BAY SHORE, NY 11706.

14. Defendants have utilized several corporate forms over the years while maintaining identical operations.

15. Defendant NICOLAS BARCIA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant NICOLAS BARCIA is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

16. Defendant NICOLAS BARCIA possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

17. Defendant NICOLAS BARCIA determined the wages and compensation of the employees of Defendants, including Plaintiffs.

18. Defendant NICOLAS BARCIA directed work sites to Plaintiffs and directed them in their daily tasks.

19. Defendant NICOLAS BARCIA established the schedule of the Plaintiffs.

20. Defendant NICOLAS BARCIA issued pay to Plaintiffs.

21. Defendant NICOLAS BARCIA disciplined Plaintiffs.

22. Defendant NICOLAS BARCIA had the authority to hire and fire employees and in fact hired and fired Plaintiffs.

23. Defendant NICOLAS BARCIA paid Plaintiffs with checks in his and Defendant LOPEZ-JARRIN's name and/or signature.

24. Defendant JESSICA LOPEZ-JARRIN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JESSICA LOPEZ-JARRIN is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

25. Defendant JESSICA LOPEZ-JARRIN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

26. Defendant JESSICA LOPEZ-JARRIN directed work location sites to Plaintiffs.

27. Defendant JESSICA LOPEZ-JARRIN issued payments in cash to Plaintiffs.

28. Defendant JESSICA LOPEZ-JARRIN had the authority to hire and fire employees.

29. Defendant JESSICA LOPEZ-JARRIN paid Plaintiffs with checks in her and Defendant BARCIA's name and/or signature.

**FACTUAL ALLEGATIONS**

30. Defendant NICOLAS BARCIA and JESSICA LOPEZ-JARRIN possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

31. Defendants are associated and joint employers, act in the interest of each other.

32. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

33. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff.

35. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

36. In each year from 2012 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous construction items were used at PRO-LINE PUMPING CORP, such as tubes, crowbars, cement, concrete mixers, levels, hammers, gloves, hand saws, ladders, that were produced outside the State of New York.

38. Plaintiffs were individually engaged in interstate commerce by servicing out of state job sites on behalf of the Defendants.

*Plaintiff MELVIN CANO GALICIA*

39. Plaintiff GALICIA was employed by Defendants from approximately 2012 through April 2021.

40. Throughout his employment with defendants, Plaintiff GALICIA was employed at the PRO-LINE PUMPING CORP as a driver and concrete pump machine operator.

41. Plaintiff GALICIA regularly handled goods produced and moved in interstate commerce in his position as a concrete pump machine operator such as concrete mix, cleaning solvents, lubricants and tools.

42. Plaintiff GALICIA's work duties required neither discretion nor independent judgment.

43. Plaintiff GALICIA regularly worked in excess of 70-72 hours per week.

44. Plaintiff GALICIA worked five (5) to six (6) days a week for the Defendants from 5 A.M. to between approximately 5 P.M. and 9 P.M.

45. When Plaintiff GALICIA worked on Saturdays, he worked from 5 A.M. to between 3 P.M. and 9 P.M.

46. Plaintiff paid routinely for parking tickets and other fines on behalf of the Defendants without being reimbursed.

47. From 2012 to April 2021, Defendants paid Plaintiff a fixed rate of $130.00 per day with no premium for overtime pay.

48. Defendants failed to pay Plaintiff for every hour he worked, and instead paid Plaintiff a fixed rate rather than an hourly rate.

49. Defendants paid Plaintiff a small bonus of $40- $50 when he was asked to change locations within the same day.

50. Defendants often paid Plaintiff late, after seven days, despite Plaintiff being a manual worker.

51. No notification was given to Plaintiff GALICIA regarding overtime and wages under the FLSA and NYLL.

52. Defendants never provided Plaintiff GALICIA with each payment of wages a statement of wages, as required by NYLL 195(3).

53. Defendants never provided Plaintiff GALICIA, any notice in English and in Spanish (Plaintiff GALICIA 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff FAUSTO BELLO*

54. Plaintiff BELLO was employed by Defendants from approximately June 2015 through June 2021.

55. Throughout his employment with defendants, Plaintiff BELLO was employed at the PRO-LINE PUMPING CORP as a concrete pump operator, maintenance mechanic and laborer.

56. Plaintiff BELLO regularly handled goods produced and moved in interstate commerce in his position as a concrete pump machine operator such as concrete mix, cleaning solvents, lubricants and tools.

57. Plaintiff BELLO work duties required neither discretion nor independent judgment.

58. Plaintiff BELLO regularly worked in excess of 70-72 hours per week.

59. Plaintiff BELLO worked six (6) days a week for the Defendants from 5 A.M. to between approximately 4:30 P.M. and 9 P.M.

60. When Plaintiff BELLO worked on Saturdays, he worked from 5 A.M. until between 4:30 P. M. and 9 P.M.

61. Plaintiff BELLO previously asked for vacation but was denied by Defendants because no one else know how to utilize the machines Plaintiff BELLO was responsible for.

62. Defendants have utilized several corporate forms over the years while maintaining substantially similar if not identical operations.

63. From 2015 to April 2021, Defendants paid Plaintiff a fixed rate of $130.00 per site with no premium for overtime pay.

64. Defendants failed to pay Plaintiff for every hour he worked, and instead paid Plaintiff based on jobs he worked for rather than the hours.

65. Defendants often paid Plaintiff late, after seven days, despite Plaintiff being a manual worker.

66. No notification was given to Plaintiff BELLO regarding overtime and wages under the FLSA and NYLL.

67. Defendants never provided Plaintiff BELLO with each payment of wages a statement of wages, as required by NYLL 195(3).

68. Defendants never provided Plaintiff BELLO, any notice in English and in Spanish (Plaintiff BELLO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

71. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

73. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff GALICIA's and BELLO's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs GALICIA and BELLO, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

75. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78. Defendants' failure to pay Plaintiffs GALICIA and BELLO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiffs GALICIA and BELLO were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

82. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiffs GALICIA and BELLO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs GALICIA and BELLO less than the minimum wage.

87. Defendants' failure to pay Plaintiffs GALICIA and BELLO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

88. Plaintiffs GALICIA and BELLO were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

89. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor.

91. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

92. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL

11

§195(1).

95. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

97. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

99. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

100. Defendants regularly paid Plaintiffs later than seven (7) days almost every week of their employ.

101. Defendants violated the NYLL by failing to timely pay Plaintiffs for their work under NYLL Section 19 *et seq*.

102. Defendants' failure to pay Plaintiffs was willful malicious and/or not in good faith.

103. Plaintiffs was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS, LATE PAYMENTS, TOOLS OF THE TRADE and KICKBACKS

104. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

105. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195 and 198 and the applicable regulations thereunder.

106. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee.  N.Y. Lab. Law §193(1).

107. NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1).  NYLL § 193(2).

108. NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees.  NYLL § 198-b.

109. Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

110. Defendants deducted various unlawful charges from Plaintiffs pay including but not limited to parking tickets and supplies, inter alia.

111. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

112. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

113. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## TENTH CAUSE OF ACTION

## TOOLS OF THE TRADE AND KICKBACKS (FLSA)

114. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

115. The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

116. An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work. 29 C.F.R. § 531.35.

117. Defendants regularly received kickbacks by deducting various unlawful charges from Plaintiffs pay including but not limited to parking tickets and supplies, *inter alia*.

118. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

119. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

120. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages, reasonable attorney's fees and costs, pre- and post- judgment interest and any other remedy permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiffs damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages, late wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b).

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs.

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against

wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(j)     Awarding Plaintiffs damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages, late pay and overtime compensation shown to be owed pursuant to NYLL as applicable.

(m)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees.

(o)     Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues triable by a jury.

16


Dated: Astoria, New York
July 12, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*